UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mosi Abay Bundu, a/k/a Freddie Lyles, ) | C/A No.: 7:10-2004-RBH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| South Carolina, F.B.I.; United States Dept. of Justice; ) | Report and Recommendation |
| Estate of Aurther Yex, F.B.I., deceased; Estate of ) | |
| Ray Barry McCormmick, F.B.I., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

This matter has been filed by a South Carolina resident who is proceeding *pro se*. The named defendants are the "South Carolina F.B.I..," the United States Department of Justice, and the estates of two deceased F.B.I. agents. The two-page pleading does not contain any allegations, and it fails to list what type of relief the plaintiff is seeking. One of the two pages contains, for the most part, the caption of the lawsuit. The second page is a Notice directed to the Fourth Circuit Court of Appeals purporting to appeal from an order of a lower court. The Fourth Circuit, however, does not have a prior or pending order that would permit it to take jurisdiction over the case. (Entry # 1, page 3).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th

Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); and *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In order for this court to hear and decide a case the court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; see also F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss

the action."). A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

In viewing the allegations in a light most favorable to the plaintiff, the undersigned finds insufficient allegations in the pleading to support a jurisdictional basis over this matter. Consequently, this court lacks subject matter jurisdiction over the plaintiff's filing. In the absence of substantive allegations of wrongdoing against the named defendants, there is nothing from which this court can liberally construe any type of viable cause of action arising from the complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the

above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*.

                                         s/Bruce Howe Hendricks
                                         United States Magistrate Judge

August 23, 2010
Greenville, South Carolina

      The petitioner's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E Washington St., Rm. #239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).