**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Mosi Abay Bundu a/k/a Freddie Lyles, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:10-cv-02004-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina F.B.I.; United States; Department of Justice; Estate of Aurther Yex, F.B.I., deceased; Estate of Ray Barry McCormmick, F.B.I., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon the Magistrate Judge's Report and Recommendation [Doc. # 8], filed on August 23, 2010, recommending Plaintiff Mosi Abay Bundu's ("Bundu") Complaint be dismissed for lack of subject matter jurisdiction. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### DISCUSSION

Bundu is a *pro se* South Carolina resident seeking relief for alleged illegal invasions by Defendants into his personal affairs.

After receiving the Magistrate Judge's Report and Recommendation, Bundu timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Bundu's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. [Doc. 15]. However, the court was able to discern Bundu's specific objections to the Magistrate Judge's finding that the court lacked subject matter jurisdiction over Bundu's Complaint. Bundu alleges a violation of 5 U.S.C. § 552, also known as the Freedom of Information Act. 28 U.S.C. § 1331 grants this court original jurisdiction over civil actions arising under the laws of the United States. Because Bundu has alleged a violation of federal law, federal question jurisdiction exists.

This court is required to construe *pro se* complaints liberally to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978), and when a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See Fine v. City of N.Y.*, 529 F.2d 70, 75 (2nd Cir. 1975). However, these requirements do not mean the court may ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.

*See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990). A complaint that fails to articulate enough facts to state a claim to relief that is plausible on its face must be dismissed. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Bundu contends that he suffered actual injury resulting from the denial of his requests for information pursuant to the Freedom of Information Act. However, Bundu has failed to plead sufficient facts regarding his requests for information or the denials thereof to state a claim on which relief could be granted. Bundu merely asserts that he used the Freedom of Information Act to request information, first in 2006 and again in 2009, and that his request was denied on both occasions. He fails to explain, for example, what information he sought, the person or agency from whom he requested it, that person's or agency's basis for denying his requests, or what specific damages he suffered as a result of the denials. Bundu's Complaint does not contain sufficient facts to present a plausible basis on which this court may grant him relief. Therefore, this court finds that Bundu has failed to state a claim upon which relief can be granted as to the alleged violations of 5 U.S.C. § 552.

Accordingly, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

It is therefore **ORDERED** that the Complaint be dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

May 26, 2011
Greenville, South Carolina

3